[Cite as *State v. Johnson*, 2013-Ohio-5196.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  13-13-16

    v.

SETH A. JOHNSON,                      O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Seneca County Common Pleas Court

Trial Court No. 12-CR-0025

Judgment Affirmed

Date of Decision:   November 25, 2013


APPEARANCES:

    *James W. Fruth* for Appellant

    *Angela M. Boes*  for Appellee

1

**SHAW, J.**

{¶1} Defendant-appellant, Seth A. Johnson ("Johnson"), appeals the April 25, 2013 judgment of the Seneca County Court of Common Pleas journalizing his conviction by a jury for one count of felonious assault and sentencing him to serve five years in prison and to pay restitution in the amount of $2,097.93. Johnson assigns as error the trial court's denial of his oral request for a continuance at the sentencing hearing prior to the trial court imposing its sentence.

{¶2} On February 8, 2012, Johnson was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1),(D)(1)(a), a felony of the second degree. The charge stemmed from allegations that Johnson physically assaulted a woman with whom he maintained a relationship, causing damage to her spleen which resulted in the woman being hospitalized in intensive care for over a week and enduring several months of physical recovery.

{¶3} On July 2, 2012, the trial court appointed counsel to the case and Johnson was arraigned the following day. Shortly, thereafter Johnson was released on bond. The matter was set for a jury trial to take place on November 15, 2012.

{¶4} On November 8, 2012, Johnson's appointed trial counsel moved for leave to withdraw from his representation of Johnson on the basis that Johnson had failed to cooperate and communicate with him.

{¶5} On November 13, 2012, the prosecution filed a motion to continue on the basis that the prosecuting attorney had to attend a family funeral on the date the jury trial was scheduled to commence. The trial court granted the prosecution's continuance and also granted Johnson's trial counsel leave to withdraw as court-appointed counsel. New trial counsel was subsequently appointed to represent Johnson.

{¶6} On January 24 and 25, 2013, the trial court conducted a jury trial in the case. After hearing the testimony of multiple witnesses and medical evidence documenting the serious nature and the extent of the victim's internal injuries, the jury found Johnson guilty of committing felonious assault. Johnson's bond was revoked and he was remanded to the custody of the Seneca County Sheriff. The matter of sentencing was continued pending the completion of a pre-sentence investigative report.

{¶7} On January 28, 2013, Johnson's counsel filed a Motion for Bond Hearing, requesting the trial court reconsider the revocation of Johnson's bond.

{¶8} In an envelope postmarked February 11, 2013, Johnson sent a letter to the trial court expressing his displeasure with the performance of his trial counsel and requesting he be granted bond prior to sentencing so that he could spend time with his four young children.

{¶9} On February 20, 2013, after a hearing, the trial court set Johnson's bond at $20,000.00 with 10% allowed. As conditions of his bond, Johnson was placed under house arrest with electronic monitoring and permitted to only attend appointments with his attorney and "verifiable medical appointments." (Doc. No. 65). In the same judgment entry, the trial court permitted Johnson's trial counsel to withdraw based upon Johnson's letter to the trial court. Substitute counsel was appointed to represent Johnson. Johnson's girlfriend subsequently posted bond for Johnson's release.

{¶10} On April 23, 2013, Johnson appeared for sentencing with his substitute counsel. At the hearing, Johnson's substitute counsel orally requested a continuance citing the fact that Johnson had not contacted him prior to the sentencing hearing despite the fact that he sent Johnson a letter requesting Johnson to call him. As a result, Johnson's substitute counsel explained that he had not been able to meet with Johnson until ten minutes prior to the sentencing hearing. Johnson's substitute counsel explained that he wanted additional time to research Johnson's complaints about his trial counsel's performance as a possible basis for a motion for a new trial. The prosecution opposed any continuance as a mere delay tactic and argued Johnson had shown a pattern of non-compliance and lack of cooperation with his three court-appointed attorneys throughout the court proceedings.

{¶11} The trial court recessed the proceedings and allowed Johnson's substitute counsel thirty minutes to discuss the case. The trial court then proceeded with sentencing. The trial court permitted Johnson to make a statement prior to the pronouncement of sentence. Johnson proclaimed his innocence, accused the victim of lying about the nature of her injuries, and again expressed his dissatisfaction with his trial counsel. The trial court then sentenced Johnson to five years in prison and ordered him to pay restitution in the amount of $2,097.93.

{¶12} Johnson now appeals, asserting the following assignment of error.

**THE TRIAL COURT ERRED IN PROCEEDING WITH [THE] SENTENCING HEARING AND FAILING TO CONDUCT AN EVIDENTIARY HEARING WHEN APPELLANT'S SUBSTITUTE COUNSEL ASKED FOR ADDITIONAL TIME TO EXPLORE DEFICIENCIES IN THE TRIAL COUNSEL'S PERFORMANCE FOR PURPOSES OF SEEKING POST-CONVICTION RELIEF.**

{¶13} On appeal, Johnson argues that the trial court erred when it denied Johnson's substitute counsel's oral request for a continuance at the sentencing hearing to further research Johnson's allegations that his trial counsel provided him ineffective assistance.

{¶14} At the outset, we note that in his appellate brief Johnson attempts to characterize his substitute counsel's request for a continuance as an oral petition for post-conviction relief and claims the trial court erred by failing to follow the specific due process procedures in place for addressing a formal petition for post-

conviction relief. The record demonstrates Johnson's characterization of his substitute counsel's request to be an inaccurate account of what transpired at the sentencing hearing. Specifically, the transcript of the proceedings reflects that Johnson's substitute counsel had not met with Johnson prior to the hearing because Johnson failed to contact him. Substitute counsel requested the trial court grant him additional time to assess whether *a motion for a new trial* should be filed in the case. However, no mention of a petition for post-conviction relief was made at the hearing and the record is devoid of any evidence of such a petition being filed. Thus, despite Johnson's mischaracterization on appeal, this case does not involve a petition for post-conviction relief, but rather it involves the trial court's decision to overrule Johnson's request for a continuance.

{¶15} An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). The Supreme Court of Ohio has recognized: " 'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' " *Unger* at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589,

(1964). The trial court may consider factors such as the length of the delay requested, prior requests for continuances, the inconvenience to the parties, witnesses, counsel, and the court, whether the movant contributed to the circumstances giving rise to the request for a continuance, and other relevant factors depending on the facts of the case. *State v. Landrum*, 53 Ohio St.3d 107, 115 (1990).

{¶16} Here, the record demonstrates that on February 20, 2013, Johnson was released on bond and placed on electronic monitoring pending sentencing. The same day, Johnson's substitute counsel was appointed to handle his case. The trial court expressly gave Johnson permission to meet with his attorney as a condition of his bond. Nevertheless, the record demonstrates that Johnson neglected to meet with his substitute counsel prior to the sentencing hearing despite having over two months to do so. In addition, at the sentencing hearing Johnson's substitute counsel informed the court that two weeks prior to the hearing he had sent a letter asking Johnson to call him about the case. Johnson acknowledged receiving this letter at the sentencing hearing and offered no reasonable explanation for why he failed to contact his attorney prior to the hearing.

{¶17} Notably, the prosecution opposed Johnson's request for a continuance at the hearing. Specifically, the prosecution argued that the request

was simply another delay tactic employed by Johnson to prolong the case. The prosecution highlighted to the court Johnson's pattern of not contacting his previously appointed attorneys, which resulted in continuances being granted earlier in the case proceedings. The prosecution also noted that the case had been pending for over a year and three months had passed since Johnson was convicted by the jury. Furthermore, the record demonstrates that the victim had traveled from out of town and came from work to be at the sentencing hearing and therefore would be further inconvenienced by the trial court granting Johnson a continuance.

{¶18} Notwithstanding the fact that Johnson failed to take the initiative to contact his attorney prior to the sentencing hearing, the trial court recessed the proceedings for a half an hour and permitted Johnson and his substitute counsel to discuss Johnson's case. When the parties appeared back on the record, neither Johnson nor his substitute counsel were able to articulate a substantive basis for the trial court to grant a motion for a new trial under the specific grounds set forth Crim.R. 33(A).[1]

---

[1] Moreover, Crim.R. 33(B) states that the "[a]pplication for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein." At the sentencing hearing, Johnson did not argue that new evidence in his case was discovered nor did he demonstrate that he was unavoidably prevented from filing his motion for a new trial within fourteen days after the jury verdict.

{¶19} Finally, Johnson has failed to demonstrate that he suffered any prejudice as a result of the trial court's decision to deny his substitute counsel's oral motion for a continuance and to proceed with sentencing. Moreover, nothing precluded Johnson from raising assignments of error regarding his allegations of his trial counsel's deficient performance in this direct appeal of his conviction and sentence.

{¶20} For all of these reasons, we conclude that the trial court's decision to overrule any request for a continuance and to proceed with sentencing did not constitute an abuse of discretion. Accordingly, the assignment of error is overruled and the conviction and sentence of the Seneca County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**